UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BOZZUTO CONTRACTORS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**KEDRICK EVANS**,<br><br>Defendant. | Case No. 1:19-cv-03292 (TNM) |

**MEMORANDUM ORDER**

Plaintiff Bozzuto Contractors, Inc. ("Bozzuto") moves for default judgment against Defendant Kedrick Evans, who has yet to appear or participate in this breach of contract suit. But Bozzuto seeks to score a run without rounding all the bases. Because Bozzuto has not yet met its burden of establishing subject matter jurisdiction, the Court will deny the motion for default judgment. The Court will require Bozzuto to file more evidence supporting subject matter jurisdiction, liability, and damages.

**I.**

Bozzuto is a Maryland corporation with its principal place of business in Greenbelt, Maryland. *See* First Am. Compl. ("Am. Compl.") ¶ 1, ECF No. 7. The company served as the general contractor of a construction project in Washington, D.C., known as the Conway Center. *Id.* ¶ 7. Bozzuto hired an entity purporting to do business as the Washington Sprinkler Corporation ("Washington Sprinkler") to design and install a fire suppression system for the

project for $950,000.  *Id.* ¶¶ 8, 12.  Evans signed two subcontracts with Bozzuto on behalf of Washington Sprinkler as its president.  *Id.* ¶¶ 11, 13.

Washington Sprinkler did not live up to expectations.  According to Bozzuto, the work was subpar, behind schedule, and noncompliant with the relevant fire codes.  Pl.'s Mot. for Entry of Judgment by Default ("Mot.") ¶ 6, ECF No. 16.  Bozzuto incurred $353,821 in costs to fix deficient work and complete the project.  *Id.* ¶ 8.  Washington Sprinkler also failed to pay its employees in violation of federal regulations, which led to an enforcement action against Bozzuto and an obligation to pay the missing wages and damages.  *Id.* ¶¶ 9–11.  Under the subcontracts, Washington Sprinkler had agreed to indemnify Bozzuto against all claims arising from its failure to comply with regulations.  *Id.* ¶ 9.

Bozzuto first sued a D.C. corporation, WSC, Inc., believing it to be a trade name for Washington Sprinkler.  *See* Pl.'s Resp. to Court's Show Cause Order ("Pl.'s Resp.") ¶ 3, ECF No. 12.  Bozzuto later filed an Amended Complaint against WSC, Inc. and Kedrick Evans that raises two claims:  Breach of Contract for Failure to Perform Work (Count I) and Breach of Contract for Failure to Pay Prevailing Wages in violation of government regulations (Count II).  Am. Compl. ¶¶ 2–3, 17–40.  Further investigation revealed that Washington Sprinkler is not incorporated in the District of Columbia or any other jurisdiction and is not a legal entity.  Pl.'s Resp. ¶ 3.  Nor does WSC, Inc. have any connection to Washington Sprinkler.  *Id.* ¶ 4.  So Bozzuto dropped its claims against WSC, Inc. and now proceeds only against Evans.  *Id.* ¶ 5; Pl.'s Notice of Voluntary Dismissal, ECF No. 11.

Bozzuto identified Evans as a domiciliary of Virginia in its Amended Complaint.  Am. Compl. ¶ 3.  When trying to serve him, however, Bozzuto's process server learned that he had moved.  Pl.'s Resp. ¶ 8.  About two months after filing the Amended Complaint, Bozzuto served

the complaint on Evans's wife at the home she shares with Evans in Potomac, Maryland. *See* Return of Service, ECF No. 13.

Bozzuto then moved for a default entry. Pl.'s Request for Entry of Default, ECF No. 14. The Clerk entered default against Evans. Clerk's Entry of Default, ECF No. 15. Bozzuto now moves for a default judgment. In support of its motion, Bozzuto submits an affidavit from David Schorr, Bozzuto's Chief Accounting Officer, who asserts damages totaling $838,988.36. *See* Mot. Ex. 1 ¶ 13. There still had been no response from Evans.

## II.

Federal Rule of Civil Procedure 55 establishes a two-step process for default judgments. First, the Clerk of Court enters a default on the docket if the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Then the plaintiff moves for a default judgment under Rule 55(b).

Entry of a default judgment, however, "is not automatic." *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). In particular, "the procedural posture of a default does not relieve a federal court of its affirmative obligation to determine whether it has subject matter jurisdiction over the action." *Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 79 (D.D.C. 2017) (cleaned up). In so doing, "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (cleaned up). The party seeking default judgment bears the burden of establishing subject matter jurisdiction, so if the complaint "fails facially to plead facts sufficient to establish subject matter jurisdiction, the Court may dismiss the complaint." *Herbin v. Seau*, 317 F. Supp. 3d 568, 572 (D.D.C. 2018) (cleaned up).

### III.

The Court must satisfy itself that it has Article III jurisdiction over this case before proceeding to the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Bozzuto has thus far failed to establish that the Court has subject matter jurisdiction.

The Amended Complaint invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Am. Compl. ¶ 4. Diversity jurisdiction requires complete diversity—that is, it exists only when no plaintiff is a citizen of the same state as any defendant. *See Saadeh v. Farouki*, 107 F.3d 52, 54–55 (D.C. Cir. 1997). For purposes of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled, and domicile "requires physical presence in a state as well as the intent to remain there for an unspecified or indefinite period of time." *Herbin*, 317 F. Supp. 3d at 572 (cleaned up). A corporation is a citizen of any state in which it is incorporated, as well as in the state in which it has its principal place of business. 28 U.S.C. § 1332(c).

Here, the Amended Complaint makes clear that Bozzuto is a citizen of Maryland—the state where it is incorporated and has its principal place of business. Am. Compl. ¶ 1. And it asserts that Evans is domiciled in Virginia. *Id.* ¶ 3. But the proof of service muddies the waters. Bozzuto's process server says that he served Evans's wife at Evans's home in Maryland and that she confirmed that he resides there. Return of Service at 1.[1] In a previous filing, Bozzuto explained that it learned as early as March 10, 2020, that Evans "had recently moved from the Springfield, Virginia address Bozzuto had understood to be Mr. Evans's home address." Pl.'s Resp. ¶ 8. Bozzuto ultimately discovered Evans's new Maryland residence in May or June. *Id.* ¶¶ 11–12. But there is no indication of when Evans moved out of Virginia, and there is

---

[1] All page citations refer to the pagination generated by the Court's CM/ECF system.

4

substantial reason to believe that he was already a domiciliary of Maryland when Bozzuto filed the Amended Complaint on February 25, 2020.[2]

In sum, it is unclear where Evans was domiciled when Bozzuto filed the Amended Complaint; if it was Maryland, then this case cannot proceed in federal court. To permit the Court to confirm jurisdiction, Bozzuto must submit more evidence on Evans's domicile as of the date of the Amended Complaint. If Bozzuto cannot meet its burden of establishing jurisdiction, then the Court will dismiss this action.

Even if Bozzuto can establish subject matter jurisdiction, the Court must still ensure that a default judgment is warranted under Rule 55's two steps. On liability, although the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint," the Court "may, in its discretion, require some proof of the facts that must be established in order to determine liability." *Herbin*, 317 F. Supp. 3d 573–74 (cleaned up); *accord* 10A Charles Alan Wright et al., Federal Practice & Procedure § 2688.1 (4th ed.). On damages, the Court "must make an independent evaluation of the damages to be awarded and has considerable latitude in determining the amount of damages." *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 103 (D.D.C. 2015) (cleaned up).

As with subject matter jurisdiction—and perhaps not unlike Washington Sprinkler—Bozzuto leaves the job unfinished. The entirety of Bozzuto's evidence is a four-page affidavit that largely just restates portions of the Amended Complaint. *See* Mot. Ex. 1. Bozzuto's claims

---

[2] Even if Evans changed his domicile between the filing of the Complaint and the Amended Complaint, his citizenship at the latter date is what matters. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."); *see also Farar v. Coffield*, No. 1:17-cv-2072 (RMM), 2019 WL 329597, at *3–5 (D.D.C. Jan. 25, 2019) (noting distinction and determining domiciliary at time of amended complaint).

rely on the existence of two subcontract agreements purportedly signed by Evans on behalf of Washington Sprinkler that detailed the scope of the work, the amounts owed, and a duty to indemnify Bozzuto against claims arising from violations of certain government regulations. *See* Mot. ¶¶ 5–9. Presumably Bozzuto is in possession of these subcontract agreements, and the Court would find them relevant and helpful in assessing liability.

The Court especially needs more—and more specific—information when it comes to damages. Bozzuto "must prove its entitlement to the amount of monetary damages requested using detailed affidavits or documentary evidence on which the court may rely." *Boland v. Providence Constr. Corp.*, 304 F.R.D. 31, 36 (D.D.C. 2014) (cleaned up). But Bozzuto's affidavit "simply list[s] the dollar figures . . . without any explanation as to their calculation." *GAG Enters., Inc. v. Rayford*, 312 F.R.D. 230, 234 (D.D.C. 2015) (denying without prejudice motion for default judgment based on insufficient evidence of damages). To secure the $838,988.36 it seeks, Bozzuto needs to submit documentary evidence justifying the damages it alleges and an explanation of its calculations.

### IV.

For these reasons, it is hereby **ORDERED** that Bozzuto's Motion for Entry of Judgment by Default is **DENIED WITHOUT PREJUDICE**, and it is further

**ORDERED** that Bozzuto shall, on or before December 30, 2020, (1) show cause why this case should not be dismissed for lack of subject matter jurisdiction, and (2) submit evidence regarding subject matter jurisdiction and, if appropriate, liability and damages.

**SO ORDERED**.

Dated: December 1, 2020                               TREVOR N. McFADDEN, U.S.D.J.